IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-846-BO

| | |
|---|---|
| ROBERT PAUL SHARPE,<br>    Appellant,<br><br>v.<br><br>ALGERNON L. BUTLER, Chapter 7<br>Trustee, *et al.*,<br>    Appellees. | ORDER |

This cause comes before the Court on a motion by appellee Daniel M. Shoaf to dismiss, a recommendation by the Bankruptcy Court for dismissal, and a motion by appellant to stay. The appropriate responses and replies and have been filed, or the time for doing so has expired, and the motions are ripe for disposition.

## BACKGROUND

Appellant, Sharpe, proceeding *pro se*, initiated this action by filing a notice of appeal of an order entered by United States Bankruptcy Judge David M. Warren. [DE 1-1]. The order on appeal denied appellant's motion for judicial recusal and motion to stay. *Id.* Appellee Daniel M. Shoaf has moved to dismiss the appeal for lack of jurisdiction, arguing that the order on appeal is not a final order and does not otherwise fall within an exception to the general rule that courts of appeal may exercise jurisdiction only over final orders. [DE 4].

Appellant responded in opposition to the motion to dismiss. [DE 5]. Thereafter, the United States Bankruptcy Court for this district filed a recommendation that the appeal be dismissed pursuant to 28 U.S.C. § 1930 because appellant has failed to pay the filing fee. [DE 6]. Appellant

then filed a motion to stay these proceedings, [DE 7], to which appellee Daniel Shoaf has responded in opposition. [DE 10].

## DISCUSSION

District courts have jurisdiction to hear appeals from final orders of the bankruptcy courts. 28 U.S.C. § 158(a)(1). Under 28 U.S.C. § 158(a)(3), appeals from interlocutory orders in bankruptcy court may proceed in district court only after leave is granted. Such appeals from bankruptcy courts to district courts are to be taken in the same manner as appeals are generally taken from the district courts to the courts of appeals. § 158(c)(2).

28 U.S.C. § 1292(b) governs interlocutory appeals from the district courts to the circuit courts of appeals. Section 1292(b) authorizes leave for an interlocutory appeal of an order where that order "involves [(1)] a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the termination of the litigation." § 1292(b). District courts in the Fourth Circuit use this tripartite standard when considering whether to grant leave to interlocutory appeals from the bankruptcy courts. *E.g.*, *Public-Sector Sols., Inc. v. Hunt & Assocs., P.C.*, 626 F. Supp. 3d 811, 813–14 (D. Md. 2022).

Judge Warren's order denying appellant's motion for recusal and motion to stay is "neither a final order nor an appealable interlocutory or collateral order." *United States v. Phillips*, 420 F. App'x 269, 269 (4th Cir. 2011); *see also Teffeau v. Comm'r of Internal Revenue*, 709 F. App'x 170, 172 (4th Cir. 2017); *Assa'ad -Faltas v. Kittredge*, No. 22-1464, 2022 WL 17499885, at *1 (4th Cir. Dec. 8, 2022); *Wyatt By & Through Rawlins v. Rogers*, 92 F.3d 1074, 1080 (11th Cir. 1996). Appellant has not requested leave to appeal Judge Warren's order, nor are there grounds to grant leave. Judge Warren's order does not implicate a controlling question of law, about which

there is a substantial ground for difference of opinion. Nor has appellant demonstrated that granting leave to immediately appeal would advance the termination of the underlying litigation.

In opposition, appellant argues that multiple final judgments have been made in this case and that inextricably intertwined issues are already before the court of appeals. Appellant contends that pendent jurisdiction exists to consider the instant appeal because of certain appeals that are pending in the Fourth Circuit. However, this Court cannot exercise pendent jurisdiction over this case based upon an appeal in a different case pending before a different court. *See, generally, Hensley on behalf of N. Carolina v. Price*, 876 F.3d 573, 586 n.7 (4th Cir. 2017).

## CONCLUSION

Accordingly, for the foregoing reasons, the Court lacks jurisdiction to consider this appeal. The motion to dismiss [DE 4] is GRANTED. The motion to stay [DE 7] is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this 30 day of April 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE